**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-22952-BLOOM/Elfenbein**

SOFIA IRAHETA,

     Plaintiff,

v.

PARAMOUNT RESIDENTIAL,
MORTGAGE GROUP, INC., and
JOSE ARPAJON,

     Defendants.

_____/

**OMNIBUS ORDER ON MOTION TO COMPEL ARBITRATION AND MOTION TO STAY**

**THIS CAUSE** is before the Court upon Defendants' Motion to Compel Arbitration and Stay Lawsuit, ECF No. [19], and Defendants' Motion to Stay Discovery, ECF No. [35]. Plaintiff filed Responses in Opposition, ECF Nos. [28]; [40]. The Court has reviewed the Motions, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Motions are denied.

On April 27, 2026, Plaintiff filed her Complaint alleging sexual discrimination and retaliation in violation of Title VII and the Florida Civil Rights Act. *See generally* ECF No. [1]. Defendant seeks to compel arbitration and stay the case, arguing Plaintiff is bound by a valid and enforceable agreement to arbitrate which covers any claims arising out of or related to "employment, compensation, or termination of employment." ECF No. [19] at 4-6. Defendants also seek to stay discovery pending a ruling on the Motion to Compel Arbitration. *See generally* ECF No. [35]. Plaintiff responds that the arbitration agreement expressly excludes her claims from mandatory arbitration. ECF No. [28] at 3.

Case 1:26-cv-22952-BB   Document 49   Entered on FLSD Docket 08/13/2026   Page 2 of 3

Case No. 26-cv-22952-BLOOM/Elfenbein

"Under both federal and Florida law, there are three factors for the court to consider in determining a party's right to arbitrate: (1) a written agreement exists between the parties containing an arbitration clause; (2) an arbitrable issue exists; and (3) the right to arbitration has not been waived." *Sims v. Clarendon Nat. Ins. Co.,* 336 F. Supp. 2d 1311, 1326 (S.D. Fla. 2004) (citing *Marine Envtl. Partners, Inc. v. Johnson,* 863 So. 2d 423, 426 (Fla. 4th DCA 2003) and *Seifert v. U.S. Home Corp.,* 750 So. 2d 633 (Fla. 1999)).

Here, the Parties do not contest the existence of an arbitration agreement. However, as Plaintiff points out, the arbitration agreement contains an exception. ECF No. [35] at 3. The exception reads as follows:

> 2. The only exceptions to binding arbitration shall be for sexual assault claims (meaning a nonconsensual sexual act or sexual contact as defined by 18 U.S.C. section 2246 or similar state or tribal law, including when the victim lacks the capacity to consent) or sexual harassment claims (meaning conduct that is alleged to constitute sexual harassment under applicable federal, state or tribal law), unless I voluntarily elect to submit such claims to arbitration, claims arising under the National Labor Relations Act which are brought before the National Labor Relations Board, claims for medical and disability benefits under state workers' compensation law, claims for unemployment insurance, or other claims that are not subject to arbitration under law.

ECF No. [19-1]. Central to Plaintiff's Complaint are allegations of sex discrimination and harassment, which squarely fall within the exceptions of binding arbitration. *See* ECF No. [1]. Moreover, Plaintiff has made clear that she has not agreed to voluntarily submit her claims for arbitration. As such, Defendants' Motion to Compel Arbitration, ECF No. [19] is denied. Because the Court denies the Motion to Compel Arbitration, Defendants' Motion to Stay Discovery is denied as well.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Compel Arbitration, **ECF No. [19]**, is **DENIED**.

2. Defendants' Motion to Stay Discovery, **ECF No. [35]**, is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 13, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

3